UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, CENTER FOR BIOLOGICAL DIVERSITY, GRAND CANYON TRUST, and UTAH ENVIRONMENTAL CONGRESS,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>U.S. FOREST SERVICE,<br><br>　　　　Defendant,<br><br>and<br><br>WYOMING STOCK GROWERS ASSN., WYOMING WOOL GROWERS ASSN., PUBLIC LANDS COUNCIL, PETER R. ARAMBEL, and WYOMING COUNTY COMMISSIONERS ASSN.,<br><br>　　　　Defendant-Intervenors. | Case No.  CV 10-612-E-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court is the State of Wyoming's Motion to Intervene (Dkt. 34).

## I.  BACKGROUND

This case arises out of the United States Forest Service's ("the Forest Service") categorical exclusion of certain grazing reauthorizations from the requirements of the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 through 4370.  The Consolidated

**MEMORANDUM DECISION AND ORDER - 1**

Appropriations Act of 2005, Pub. Law No. 108-447, 118 Stat. 2809, 3103 (Dec. 8, 2004), for fiscal years 2005 through 2007, allowed a decision made by the Forest Service to authorize grazing on an allotment to be categorically excluded from documentation in an environmental assessment or an environmental impact statement under NEPA *if*: (1) the decision continued current grazing management of the allotment; (2) monitoring indicated that current grazing management was meeting, or satisfactorily moving toward, objectives in the land and resource management plan; and (3) if the decision was consistent with agency policy concerning extraordinary circumstances. Utilizing such a categorical exclusion, the Forest Service re-authorized livestock grazing on several grazing allotments within the Bridger-Teton (Wyoming), Caribou-Targhee (Idaho), Uinta-Wasatch-Cache (Utah), Manti-La Sal (Utah) and Fishlake (Utah) National Forests, without conducting any NEPA environmental analysis. Plaintiffs seek an order reversing each of these categorical exclusion decisions and requiring the Forest Service to conduct an appropriate environmental analysis for these decisions.

The instant motion implicates five categorical exclusion (CE) decisions: (1) South Soda Sheep Allotments CE (Caribou-Targhee National Forest); (2) Southern Wind River Sheep Allotments CE (Bridger-Teton National Forest); (3) Red Castle, East Fork Blacks Fork, Middle Fork Blacks Fork, Lyman Lake, Little West Fork Blacks Fork, and Elizabeth Mountain No. 2 Allotments CE (Uinta-Wasatch-Cache National Forest); (4) South Skyline, Booth Canyon, and Potter Canyon Allotments CE (Manti-La Sal National Forest); and (5) Fremont Allotments CE (Fishlake National Forest).

The following entities have already intervened in this matter by stipulation: Wyoming Stock Growers Assn., Wyoming Wool Growers Assn., Public Lands Council, Peter R. Arambel,

**MEMORANDUM DECISION AND ORDER - 2**

and Wyoming County Commissioners Assn. (collective "Wyoming Stock Growers Intervenors"). (Dkt. 46). However, such intervention is limited to issues raised by two CE decisions issued by the Bridger-Teton National Forest, specifically the Southern Wind River Sheep Allotments CE, and the Sweetwater, Blucher Creek, and East Squaw Creek Allotments CE. *Id*.

## II. MOTION TO INTERVENE

The State of Wyoming ("State") seeks to intervene pursuant to Fed. R. Civ. P. 24(a) or (b) because three of the five National Forests at issue are located wholly or partially within the geographic boundaries of the State of Wyoming, specifically the Bridger-Teton National Forest allotments which are at issue in this round of briefing. The State contends that the federal grazing permittees in this allotment also have State grazing leases on lands adjacent to the National Forest, and therefore actions that adversely affect the permittees' ability to graze on federal lands also adversely affect state grazing leases. Based upon that connection, the State contends that it has a substantial interest in this litigation.

**A.     Standard of Law for Motion to Intervene**

Rule 24(a) allows intervention as a matter of right:

> On timely motion, the court must permit anyone to intervene who
> . . . (2) claims an interest relating to the property or transaction that
> is the subject of the action, and is so situated that disposing of the
> action may as a practical matter impair or impede the movant's
> ability to protect its interest, unless existing parties adequately
> represent that interest.

To measure such an interest, the Ninth Circuit applies a four-part test:

> (1) the application for intervention must be timely; (2) the
> applicant must have a "significantly protectable" interest relating
> to the property or transaction that is the subject of the action; (3)

**MEMORANDUM DECISION AND ORDER - 3**

> the applicant must be so situated that the disposition of the action
> may, as a practical matter, impair or impede the applicant's ability
> to protect that interest; and (4) the applicant's interest must not be
> adequately represented by the existing parties to the lawsuit.

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).

In general, the Court must construe Rule 24(a) liberally in favor of intervention. *Id*. at 818. Morever, the Court's evaluation is "guided primarily by practical considerations," not technical distinctions. *Id*. Nonetheless, the "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Although the only aspect of the four-part test that is challenged by Plaintiffs is whether the State's interests are adequately represented, the Court must still examine and determine the particulars of the application under each of the factors.

### 1. The State's Motion is Timely

In determining whether a motion to intervene is timely, three factors are considered: (1) stage of the proceedings; (2) prejudice to other parties; and (3) reason for, and length of delay. *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999); *Orange County v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986).

The State of Wyoming filed its motion to intervene on October 12, 2011, after learning of this litigation approximately a month prior. The motion was filed shortly after Plaintiffs filed their motion for summary judgment but prior to the Forest Service filing its cross-motion for summary judgment. The State contends it will comply with the existing briefing schedule and limit participation to existing issues. The Court finds that the State's motion is timely.

2.     **There is Potential for Impairment of a Significantly Protectable Interest**

In determining whether the applicant for intervention may suffer an impairment of a "significantly protectable" interest - the Court must follow "practical and equitable considerations and construe the Rule broadly in favor of proposed intervenors." *Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011) (citations omitted). A prospective intervenor has "a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id.* (citations omitted).

Here, if Plaintiffs are granted the relief they request, the case will be remanded to the Forest Service to conduct either environmental assessments or environmental impact statements for the categorical exclusions at issue. Because the federal grazing permittees also have grazing rights on adjacent state land, subjecting these grazing permits to new environmental reviews will have an impact on state lands, particularly where state lands may be insufficient to satisfy the permittees' entire grazing requirements. The State contends that to maximize the value of its land,[1] it must depend on the adjacent federal grazing lands. The State represents that it also would be required to expend time and resources in the development of environmental analyses upon such allotments. Additionally, the State argues that it has sovereign and regulatory interests in the management of all grazing within the state. Although the precise dimensions of such interests may be subject to debate, the Court is satisfied that the sum of such interests represents a significantly protectable interest that may be impaired by this action.

---

[1] As the owner of state lands held in trust for the benefit of Wyoming's school children, Wyoming has an obligation to ensure that grazing leases on state lands "inure to the greatest benefit to the state land trust beneficiaries." Wyo. Stat. Ann. § 36-5-105.

**MEMORANDUM DECISION AND ORDER - 5**

### 3. The State's Interests are Not Adequately Represented by Existing Parties

The fourth element is directly contested by the Plaintiffs. They contend that whatever the State's interests may be, they are so similar to the current intervenors' interests that Wyoming's interest will be adequately represented by the current intervenors. To resolve this issue, the Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Berg*, 268 F.3d at 822. The prospective intervenor has the burden of demonstrating that the existing parties may not adequately represent its interest. *Id*. However, the burden of showing inadequacy is "minimal," and the applicant need only show that the representation of its interests by existing parties "may be" inadequate. *Id*. In assessing the adequacy of representation, the focus should be on the "subject of the action," not just the particular issues before the court at the time of the motion. *Id*.

Plaintiffs contend that the Forest Service has the same ultimate objective as the State of Wyoming in defending the CE decisions. Additionally, the Wyoming Stock Growers Intervenors have an interest in preserving grazing on the Wyoming allotments, the same interest as the State. The State disputes those arguments, contending that its sovereign interests are inescapably distinct from the interests of the intervenors, and that no other entity can adequately represent its interests. *See Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992) (noting that the unique interests of a state include a duty to represent interests of citizens, its property interests, protecting and promoting the state economy, and protecting tax revenues).

The Court is persuaded that the State of Wyoming has sovereign interests pertaining to the allotments that fall in whole or in part within its geographic boundaries that, even if similar in part, cannot be adequately represented by the Forest Service or the Wyoming Stock Growers Intervenors. These interests include managing the land within the state to the greatest benefit of the land trust beneficiaries as well as its regulatory interest in all aspects of grazing within the state. The Forest Service and the Wyoming Stock Growers Intervenors do not share these same interests, do not have the same motivation to protect such interests, and the State cannot be assured that such interests would be adequately protected by the existing parties.

### III. CONCLUSION

The Court finds that the State of Wyoming meets all the requirements for intervention as of right under Rule 24(a). The Court will allow the State of Wyoming to intervene only as the claims on the Bridger-Teton National Forest categorical exclusions.

### ORDER

**IT IS HEREBY ORDERED that** the State of Wyoming's Motion to Intervene (Dkt. 34) is GRANTED, as set forth herein.

**DATED:** January 30, 2012

**Honorable Ronald E. Bush**
**U. S. Magistrate Judge**